UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZA WESTBROOK,

       Plaintiff,                        CIVIL ACTION NO. 06-13703

       v.                                DISTRICT JUDGE ANNA DIGGS TAYLOR

ALLSTATE INSURANCE             MAGISTRATE JUDGE VIRGINIA MORGAN
COMPANY, an Illinois Corp.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on the motion of the defendant to dismiss and plaintiff's request for additional time to file an amended complaint. Plaintiff was ordered to file an amended complaint by January 30, 2007. She failed to do so. Defendant moved to dismiss the case. Plaintiff then filed a motion to extend time, but has yet to file any amended complaint. For the reasons discussed in this Report, it is recommended that the defendant's motion be granted, plaintiff's motion be denied, and the case be dismissed with prejudice and without costs.

      Defendants seek dismissal of plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests whether, "as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). The court must construe the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's

- 1 -

factual allegations as true.  <u>Bloch v. Ribar</u>, 156 F.3d 673, 677 (6th Cir. 1998).  However, the court "need not...accept as true legal conclusions or unwarranted factual inferences."  <u>Kottmyer v. Maas</u>, 436 F.3d 684, 688 (6th Cir. 2006).  In deciding a motion brought under Rule 12(b)(6), the court will primarily consider the allegations of the complaint.  <u>Kostrzewa v. City of Troy</u>, 247 F.3d 633, 643 (6th Cir. 2001).  However, exhibits attached to the complaint are deemed part of the complaint and thus may be considered in ruling upon the motion.  <u>Amini v. Oberlin College</u>, 259 F.3d 493, 502 (6th Cir. 2001).  Dismissal under Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Bloch</u>, 156 F.3d at 677.

  Plaintiff's action is one which attempts to re-litigate the issues previously decided in her state court case in Wayne County Circuit Court.  There, plaintiff filed for personal injury protection (PIP) benefits and was represented by a lawyer, Mark L. Silverman M.D., J.D.  The parties agreed to binding arbitration.  Plaintiff was awarded $9,340 on her claim for replacement services and $31,140 on her claim for attendant care, for a total of $40,480.  Allstate paid this amount and the state court case was closed.  Apparently dissatisfied with the arbitration award, plaintiff then filed this new action *pro se*.  She filed a 50 page complaint with exhibits and designated the complaint as a "Notice of My Rights After Fee Arbitration."  She argues that her Constitutional and civil rights were stripped away and she was denied the basic right to jury trial under the Seventh Amendment, Title VII, the Americans with Disability Act of 1990, and Section 501 of the Rehabilitation Act of 1973.  Relying on a Minnesota state statute, plaintiff seeks to vacate the arbitration award.

Since the basis for federal review of award and the court's jurisdiction was not clear, the court granted defendant's motion for a more definite statement and gave plaintiff until January 30, 2007, to file an amended complaint.  The court advised plaintiff that if she was merely seeking to re-litigate the state court action, sanctions may be imposed.  Plaintiff failed to file any amended complaint.  Defendant moved to dismiss; plaintiff asked for an extension of time.  Oral argument was held before the magistrate judge on March 19, 2007.  At oral argument, plaintiff stated, as she has in the past, that she is going to get a lawyer to represent her.

Plaintiff's underlying claim for personal injury protection (PIP) benefits arises from services she allegedly performed following  injuries to her son, Lamar Westbrook.  Mr. Westbrook had an insurance policy with Allstate Insurance Company.  As found by the arbitrator, in October 2001 Mr. Westbrook was injured in a motor vehicle accident and suffered a traumatic brain injury for which he was treated at Sinai-Grace Hospital and then at the Rehabilitation Institute of Michigan.  In November 2001, he was discharged from the Rehabilitation Institute.  (Ex. To Plaintiff's Complaint).

On November 30, 2001, Mr. Westbrook's primary care physician Dr. Steven Hinderer, a physical medicine rehabilitation physician, ordered attendant care for 12 hours per day.  Mr. Westbrook was discharged from occupational therapy in February 2002.  The following month, he was involved in a second motor vehicle accident.  Dr. Hinderer ordered 24 hour supervision. On April 26, 2002, Dr. Hinderer determined that Mr. Westbrook did not require supervision and gave a prescription for replacement services for household chores only.

At that time, Mr. Westbrook also began to treat with Dr. Firoza VanHorn for a neuropsychological evaluation and individual counseling. He also saw a Dr. Fichtenberg and upon a referral from Dr. Hinderer, underwent counseling with Dr. Deborah Bihun.

In October 2002, Dr. Hinderer ordered 4 hours of attendant care per day. In December 2002, he renewed the prescription. In April 2003, in what the arbitrator described as "an odd turn of events," Dr. Hinderer "retroactively" ordered 8-10 hour of attendant care for the period of April 2002 through August 2002. In August 2003, Dr. Bihun determined that Mr. Westbrook was capable of handling part-time employment. In December 2003, Dr. Bihun documented a conversation with plaintiff in which plaintiff threatened to sue anyone who tried to get her son back to work. Dr. Bihun's impression was that plaintiff was holding her son back, possibly for secondary gain. Mr. Westbrook reported to Dr. Bihun that he was not taking his medications as prescribed; Dr. Bihun recommended semi-independent housing. Dr. Bihun reported that Mr. Westbrook was also caring for his disabled brother.

In December 2004, Dr. Hinderer referred Mr. Westbrook to psychiatrist Dr. Richard Atkins for depression. In June 2005, Dr. Hinderer ordered attendant care 24 hours a day, seven days a week, because Mr. Westbrook had some "significant changes in his presentation." He was depressed, using alcohol, and had experienced alcohol poisoning.

Allstate paid replacement services to plaintiff until June 30, 2003. Allstate continued to pay attendant care benefits for four hours a day through June 30, 2004. On December 16, 2004, plaintiff sued for attendant care benefits claiming that she was providing 24-hour attendant care for her son. The arbitrator found that plaintiff's claim for replacement services (July 1, 2003 to

October 10, 2004) was unopposed as Allstate had not responded to this claim, and awarded the full amount of $9,340.00.

With respect to attendant care, the arbitrator noted that the services must be prescribed and actually necessary, but more importantly whether they were provided.  Under state law, plaintiff's potential recovery is limited to one year prior to filing suit (December, 2003).  The arbitrator noted that some of the prescriptions for attendant care were written at the request of plaintiff and awarded her four hours a day from December 16, 2003, to December 3, 2004.  From December 3 through February 20, 2006, the arbitrator awarded attendant care benefits based on medical records.  Dr. Atkins testified that although he wrote for 24-hour care, he would have reduced it to 12 to 15 hours as of March 2005 then to 12 hours as of May 2005 and then a further reduction in August 2005.  Dr. Atkins indicated that Mr. Westbrook only needed someone to assist with medication and that Mr. Westbrook is capable of doing most things himself.  The type of care is not skilled, just supervisory.  (Arbitrator's opinion 3)  The arbitrator found that plaintiff was not truthful regarding the amount of care she was giving her son, that she did not reduce her request for the time that he was in the hospital, and that the attendant care affidavits showed only four hours a day.  Further, she was not forthright with Dr. Atkins regarding Mr. Westbrook's level of independent activity.  The arbitrator accordingly reduced the claim, awarded plaintiff $31,140, and found that the insurance company's refusal to pay her claim was reasonable in light of plaintiff's lack of regard for the truth.

Plaintiff has failed to file the Amended Complaint as ordered, and since it appears that the complaint is at most an attempt to re-litigate the state court issues previously decided by

means of binding arbitration, it is recommended that plaintiff's motion for an extension of time be denied, the defendant's motion to dismiss be granted and the case be dismissed with prejudice.     The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                      s/Virginia M. Morgan
                                      Virginia M. Morgan
                                      United States Magistrate Judge

Dated:  March 13, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Eliza Westbrook via the Court's ECF System and/or U. S. Mail on March 13, 2007.

                                          s/Jane Johnson
                                          Case Manager to
                                          Magistrate Judge Virginia M. Morgan